■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEWART HILL PARKS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated February 26, 1963, which denied after a hearing his application to vacate a judgment of said court, rendered May 26, 1961 after a jury trial, convicting him of robbery in the first degree (two counts); grand larceny in the first degree (two counts); and assault in the second degree (two counts); and sentencing him to serve concurrent prison terms of 10 to 20 years on each robbery count; 5 to 10 years on each larceny count; and 2½ to 5 years on each assault count. The judgment of conviction was previously affirmed by this court (16 A D 2d 691). Order reversed on the law and the facts; application granted; judgment vacated and a new trial granted. The defendant, his brother, one Richards and two others (Moses and Rowe) were indicted in 1956 in a 30-count indictment arising out of the holdup of a card game. The identity of the defendant and his brother being unknown, they were referred to in the indictment as "John Doe" and "Richard Roe." Soon after the commission of the crimes, Moses and Rowe were apprehended, tried and convicted. On appeal by Rowe, the judgment of conviction as to him was reversed by this court (*People* v. *Rowe,* 6 A D 2d 705). The codefendant Richards was apprehended in May, 1960. Thereafter he and the police of Nassau County made a "deal" whereby, in return for his identification of the defendant and his brother, Richards was allowed to plead guilty to

908

attempted robbery in the third degree in satisfaction of the indictment, where-upon he received a very light sentence, to wit, 2½ to 5 years as a second felony offender. Thereafter, the District Attorney made application to the court for an order that Richards be held in Nassau County jail as a " necessary " witness, pending the present defendant's trial. The prosecutor was informed of this " deal ", if he did not already know of it, when Richards was inter-viewed by him some weeks before the Parks brothers (defendant and his brother) were brought to trial. On such trial, Richards testified for the People. Nevertheless, when Richards on cross-examination denied that, prior to his guilty plea, any promise had been made to him as to what his sentence would be, the prosecutor did not see fit to reveal the " deal " to the jury. Defendant and his brother were found guilty; and, upon appeal to this court, their judgment of conviction was affirmed (16 A D 691). At the trial, there was testimony and there were remarks by the prosecutor in his summation, to the effect that Richards' case had been disposed of by his sentence of 2½ to 5 years, implying that he had nothing to gain from his testimony. However, soon after the conviction of the Parks brothers, Richards was brought before the Trial Judge; his plea was amended to include two misdemeanors; and he was resentenced — the net result being that he was required to serve only one year in the county jail. On the hearing of the *coram nobis* application several Assistant District Attorneys, who had par-ticipated in the preparation of the case, testified to the effect that no promise had been given to Richards for his trial testimony and that the resentencing was recommended by the District Attorney solely out of consideration for Richards' safety, it being feared that if he were incarcerated with the Parks brothers in Sing Sing they would take vengeance on him. However, the record does not show that any such reason was urged upon the resentencing Judge, who testified upon the hearing that the reason urged upon him for further clemency was that Richards had been very co-operative with the authorities. In our opinion, regardless of whether, before the Parks trial, an understanding existed between Richards and someone in behalf of the authorities (which should have been revealed to the jury by the prosecutor) that further leniency would be recommended if he (Richards) testified for the People, it was nevertheless the duty of the prosecutor, when Richards testified falsely that no promise had been made to him with respect to his first sentence, to inform the jury of his " deal " with the police. Had the jury been aware of the fact: (1) that Richards was let out on bail in order to find " John Doe " and " Richard Roe;" (2) that he then led the police to the Parks brothers; and (3) that after they had been arrested he was sentenced as a second felony offender to a term of only 2½ to 5 years, the jury might have evaluated differently his identification of the defendant and his brother at the trial (cf. *People* v. *Mangi,* 10 N Y 2d 86; *People* v. *Savvides,* 1 N Y 2d 554). Kleinfeld, Hill and Hopkins, JJ., concur; Beldock, P. J. and Ughetta, J., dissent and vote to affirm the order, with the following memorandum: On June 26, 1956 five men were indicted for robbery, grand larceny and assault. In December, 1956 two of the five men were brought to trial and found guilty; one took no appeal; in May, 1958 the judgment of conviction of the other was reversed and the indictment dismissed (*People* v. *Rowe,* 6 A D 2d 705). In May, 1960 Richards (the third of the five defendants) was apprehended. As the result of Richards' co-operation with the police and identification of the remaining two defendants (the Parks brothers, who were captured in December, 1960), Richards, on February 15, 1961, was permitted to plead guilty to attempted robbery in the third degree; he was sentenced to serve a term of 2½ to 5 years. The trial of

the Parks brothers was held from March 9 to March 14, 1961. At such trial, Richards testified on March 9 and 13. On March 29, 1961 Richards was resentenced to one year in the county jail. The instant *coram nobis* proceeding, brought after the judgment of conviction of the Parks brothers had been affirmed (16 A D 2d 691), proceeded on the theory that, during the trial of the Parks brothers, the prosecutor failed to reveal that there was a promise to Richards that, after such trial he would be resentenced to a sentence lighter than the one of February 15, 1961. At the *coram nobis* hearing, the court found that defendant had not produced competent proof that a promise or inducement had been given to Richards which prompted his testimony. In our opinion, that finding was proper. There is no proof that the resentence was based on a promise of leniency or that the reduction in the sentence was contemplated at the Parks trial. Nor is there any proof that the Assistant District Attorney, who prosecuted the Parks brothers, knew of any so-called "deal" with the police with respect to Richards' sentence on February 15, 1961, which (the majority claims) the said prosecutor should have brought to the attention of the jury.